IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. BK08-83016 |
| TRI-STATE FINANCIAL, LLC, d/b/a ) | |
| NORTH COUNTRY ETHANOL, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| THOMAS D. STALNAKER, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | Adv. Proc. No. 10-08052-TJM |
| ) | |
| vs. ) | |
| ) | |
| GEORGE ALLISON, JR.; FRANK & ) | |
| PHYLLIS CERNIK; CHARLES ) | |
| CLATTERBUCK; CHRIS & AMY ) | |
| DANIEL; DISTEFANO FAMILY LTD. ) | |
| PARTNERSHIP; MARK E. EHRHART; ) | |
| ROBERT G. GRIFFIN; TED HAZER; ) | |
| TED HAZER, TRUSTEE OF THE COX ) | **ANSWER, COUNTERCLAIM AND** |
| APARTMENTS TRUST; JOHN HOICH; ) | **CROSS-CLAIM** |
| DENISE HOICH; TIMOTHY JACKES; ) | |
| JAMES G. JANDRAIN; LINDA L. ) | |
| KLASSMEYER; GEORGE KRAMER; ) | |
| DAVID LITZEN; BERNIE ) | |
| MARQUARDT; MARK ROXBURGH; ) | |
| RADIO ENGINEERING INDUSTRIES, ) | |
| INC.; JOSEPH VACANTI, TRUSTEE OF ) | |
| THE JOSEPH & CYNTHIA VACANTI ) | |
| TRUST; AND CENTRIS FEDERAL ) | |
| CREDIT UNION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

|  |  |
|---|---|
| CENTRIS FEDERAL CREDIT UNION, | ) |
| | ) |
| Counterclaim and | ) |
| Cross-Claim Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THOMAS D. STALNAKER, TRUSTEE, | ) |
| | ) |
| Counterclaim Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| GEORGE ALLISON, JR.; FRANK & PHYLLIS CERNIK; CHARLES CLATTERBUCK; CHRIS & AMY DANIEL; DISTEFANO FAMILY LTD. PARTNERSHIP; MARK E. EHRHART; ROBERT G. GRIFFIN; TED HAZER; TED HAZER, TRUSTEE OF THE COX APARTMENTS TRUST; JOHN HOICH; DENISE HOICH; TIMOTHY JACKES; JAMES G. JANDRAIN; LINDA L. KLASSMEYER; GEORGE KRAMER; DAVID LITZEN; BERNIE MARQUARDT; MARK ROXBURGH; RADIO ENGINEERING INDUSTRIES, INC.; AND JOSEPH VACANTI, TRUSTEE OF THE JOSEPH & CYNTHIA VACANTI TRUST, | ) |
| | ) |
| Cross-Claim Defendants. | ) |

## ANSWER

COMES NOW Defendant Centris Federal Credit Union, a federally-chartered, member-owned credit union ("Centris"), and for its Answer to Plaintiff Thomas D. Stalnaker ("Trustee"), states and alleges as follows:

1. Centris admits paragraphs 1 through 6 of the Complaint.

2. Centris admits paragraph 7 of the Complaint except to clarify that Centris claims a perfected security interest in the entirety of the $1,190,000.00 at issue that has priority over any claim to said funds by the Trustee or any other party.

3. Centris admits a portion of paragraph 8 of the Complaint to the extent it alleges that "Plaintiff is holding the $1,190,000.00" and that said amount is "property of the bankruptcy estate", but denies the remainder of the allegations of paragraph 8 of the Complaint, and affirmatively alleges that the $1,190,000.00 is fully encumbered by a perfected security interest of Centris that has priority over any claim to said funds by the Trustee.

4. The allegation of paragraph 9 is generally denied. Centris admits the Court through this adversary proceeding has the appropriate jurisdiction to resolve the issues presented in the Complaint.

## AFFIRMATIVE ALLEGATIONS AND DEFENSES

5. The $1,190,000.00 fund is the result of collecting on a claim for payment or account receivable of the Debtor. Such a claim or receivable is personal property classified as a general intangible or payment intangible under the Nebraska Uniform Commercial Code.

6. On January 24, 2005, the Debtor filed a motion in the Tri-State Ethanol bankruptcy matter for approval of an administrative claim in its favor on the basis that the funds at issue herein

were the subject of an oral loan agreement between the Debtor and Tri-State Ethanol, and repeatedly throughout the motion alleged that the loans were made by the Debtor and the amount claimed was owed to the Debtor. The motion did not in any way state that any party other than the Debtor had an interest in the claim or was involved in making the loans. The motion was filed and signed by Jerrold Strasheim, Esq. Mr. Strasheim is the same person who through the December 31, 2009 letter referred to in the Complaint now argues that the $1,190,000.00 is not property of the Debtor's bankruptcy estate, but rather was owed directly to certain members of the Debtor.

7. On January 26, 2005, through a proof of claim filed in the Tri-State Ethanol bankruptcy on behalf of the Debtor, Mr. Strasheim stated under penalty of perjury that the $1,190,000.00 now at issue was "money loaned" to Tri-State Ethanol by <u>the Debtor</u> and should be repaid to <u>the Debtor</u>.

8. As described in paragraphs 4 and 5 of the Complaint, a compromise agreement was reached between parties in the Tri-State Ethanol bankruptcy, including the Debtor as represented by the Trustee, to settle a dispute over certain funds, which agreement provided that the Debtor be paid the $1,190,000.00 at issue. This compromise agreement was filed with the bankruptcy court in that matter on October 16, 2009, as part of a motion for court approval of the agreement. The other Defendants in this matter had notice of said motion to approve the compromise agreement, and made no objection to the compromise agreement which was ultimately approved and by which the Trustee received and now holds the $1,190,000.00.

9. At no time during the Tri-State Ethanol bankruptcy proceedings did the individual members of the Debtor, the other Defendants herein, ever object to the Debtor's claim that the funds at issue was solely owed to the Debtor.

10. For these reasons, the other Defendants are estopped, judicially and otherwise, from asserting that the $1,190,000.00 is anything other than an asset of the Debtor.

11. Pursuant to the December 31, 2009 letter from Mr. Strasheim referred to in the Complaint, it is believed that some of the Defendants claim that the $1,190,000.00 is not property of the Debtor's bankruptcy estate on a theory that a resulting trust was created in their favor over the $1,190,000.00. This theory is without merit on the facts herein.

12. Aside from estoppel and the facts as stated above, "[t]he burden is upon the one claiming the existence of a resulting trust to establish the facts upon which it is based by clear and satisfactory evidence." *Brtek v. Cihal*, 245 Neb. 756, 773, 515 N.W.2d 628, 640 (1994).

13. The Debtor received no tangible item from a purchase at the time the contributions were allegedly made by the other Defendants to the Debtor, like real estate, upon which a resulting trust could be created. Further, proof of the resulting trust generally requires a payment from the person claiming the resulting trust to the "seller", which did not occur here.

14. On or about June 7, 2006, Centris and the Debtor executed a security agreement in which the Debtor granted Centris a security interest in *inter alia*, all of Debtor's personal property of every kind including all proceeds therefrom, whether then owned or later acquired, specifically including "all general intangibles including, without limitations, all payment intangibles . . . ." A true and complete copy of the Security Agreement is attached to this Answer as Exhibit A. The security interest secured the Debtor's obligations within a June 7, 2006 Credit Agreement entered into between the parties and a June 7, 2006 $18,000,000.00 promissory note Debtor executed and delivered to Centris.

15.   Centris' security interest was perfected by, *inter alia*, filing a UCC financing statement with the Nebraska Secretary of State on June 6, 2006.  A true and complete copy of said financing statement is attached to this Answer as Exhibit B.

16.   The Debtor filed its petition for relief herein on November 21, 2008.

17.   The Debtor's present secured indebtedness to Centris is more than $1,190,000.00.

18.   The $1,190,000.00 is a general intangible or payment intangible of the Debtor's or the proceeds of a general intangible or payment intangible, and therefore the entirety of said $1,190,000.00 is subject to Centris' perfected security interest.

WHEREFORE, Centris prays that this Court grant the Trustee's prayer to the extent the Trustee asks this Court to determine that the $1,190,000.00 held by the Trustee constitutes property of the Debtor's bankruptcy estate, but dismiss the Trustee's Complaint to the extent the Trustee prays that the Court find that the $1,190,000.00 is unencumbered, and instead determine that the $1,190,000.00 is fully encumbered by a perfected security interest of Centris that has priority over any claim to said funds by the Trustee and all other parties, that Centris is entitled to said funds, and for all other relief as the Court deems just and equitable.

## COUNTERCLAIM AND CROSS-CLAIM

COMES NOW Counterclaim and Cross-Claim Plaintiff Centris Federal Credit Union ("Centris") and for its Counterclaim and Cross-Claim against Thomas D. Stalnaker, Trustee; George Allison, Jr.; Frank & Phyllis Cernik; Charles Clatterbuck; Chris & Amy Daniel; Distefano Family Ltd. Partnership; Mark E. Ehrhart; Robert G. Griffin; Ted Hazer; Ted Hazer, Trustee of the Cox Apartments Trust; John Hoich; Denise Hoich; Timothy Jackes; James G. Jandrain; Linda L. Klassmeyer; George Kramer; David Litzen; Bernie Marquardt; Mark Roxburgh; Radio Engineering

Industries, Inc.; and Joseph Vacanti, Trustee of the Joseph & Cynthia Vacanti Trust, states and alleges as follows.

19. Centris incorporates herein by this reference the allegations set forth in paragraphs 1 through 18 above.

20. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K).

21. Centris is a federally-chartered, member-owned credit union with its principal offices located in Omaha, Nebraska.

22. Counterclaim Defendant Thomas D. Stalnaker is the Chapter 11 Trustee of the Debtor.

23. Cross-Claim Defendants George Allison, Jr.; Frank & Phyllis Cernik; Charles Clatterbuck; Chris & Amy Daniel; Distefano Family Ltd. Partnership; Mark E. Ehrhart; Robert G. Griffin; Ted Hazer; Ted Hazer, Trustee of the Cox Apartments Trust; John Hoich; Denise Hoich; Timothy Jackes; James G. Jandrain; Linda L. Klassmeyer; George Kramer; David Litzen; Bernie Marquardt; Mark Roxburgh; Radio Engineering Industries, Inc.; and Joseph Vacanti, Trustee of the Joseph & Cynthia Vacanti Trust are, on information and belief, United States citizens and/or entities and are limited liability company members of the Debtor.

24. Based upon the facts, the Court should determine in resolving the Complaint that Centris has a perfected security interest in the $1,190,000.00 at issue that is entirely superior in priority to any claim of the Trustee or any other party and fully encumbers the $1,190,000.00 at issue, and that Centris is entitled to said funds. To the extent that this Court determines that to make such a determination there needs to be an affirmative claim by Centris seeking that determination, this Cross-Claim and Counterclaim is filed, and Centris alleges the facts provide that the Court

should determine, in addition that the $1,190,000.00 is property of the Debtor's bankruptcy estate as the Trustee alleges, that Centris has a perfected security interest in the $1,190,000.00 at issue that is entirely superior in priority to any claim of the Trustee or any other party and fully encumbers the $1,190,000.00 at issue, and that Centris is entitled to said funds.

WHEREFORE, Counterclaim and Cross-Claim Plaintiff Centris Federal Credit Union prays that this Court enter judgment in favor of Centris and against the Counterclaim and Cross-Claim Defendants and determine that, in addition that the $1,190,000.00 at issue in the Complaint is property of the Debtor's bankruptcy estate as the Trustee alleges, that Centris has a perfected security interest in the $1,190,000.00 that is entirely superior in priority to any claim of the Trustee or any other party and fully encumbers the $1,190,000.00 at issue, that Centris is entitled to said funds, and for all other relief this Court deems just and equitable.

DATED this   22nd   day of September, 2010.

              CENTRIS FEDERAL CREDIT UNION, Defendant


              By    /s/ David J. Skalka
                Martin P. Pelster, #19223
                David J. Skalka, #21537
                Croker, Huck, Kasher, DeWitt,
                  Anderson & Gonderinger, L.L.C.
                2120 South 72nd Street, Suite 1200
                Omaha, Nebraska  68124
                (402) 391-6777
                (402) 390-9221 (Fax)

              Attorneys for Defendant Centris Federal Credit Union

**CERTIFICATE OF SERVICE**

       I hereby certify that on the ___22nd___ day of September, 2010, I caused the above document to be filed in the Bankruptcy Court's CM/ECF system which gave notification electronically upon all parties who filed an appearance or requested notice by electronic filing in this case, and I hereby certify that I have mailed by first class United States mail, postage prepaid, the document to the following non-CM/ECF participants:

| | |
|---|---|
| George Allison<br>17040 S. Reflection Circle<br>Omaha, NE  68007 | Frank Cernick<br>P. O. Box 45543<br>Omaha, NE  68145 |
| Phyllis Cernik<br>P.O. Box 45543<br>Omaha, NE  68145 | Charles Clatterbuck<br>1718 Hillcrest Drive<br>Bellevue, NE  68005 |
| Chris Daniel<br>8000 Pollock Road<br>Rogers, AR  72756 | Amy Daniel<br>8000 Pollock Road<br>Rogers, AR  72756 |
| Distefano Family Ltd. Partnership<br>1611 S. 80th Street<br>Omaha, NE  68124 | Ted Hazer<br>14210 Hamilton Street<br>Omaha, NE  68154 |
| Ted Hazer, Trustee of the Cox Apartments<br>   Trust<br>14210 Hamilton Street<br>Omaha, NE  68154 | John L. Hoich<br>4428 S. 180th Street<br>Omaha, NE  68135 |
| Denise Hoich<br>4428 S. 180th Street<br>Omaha, NE  68135 | Timothy Jackes<br>2205 S. 152nd Street<br>Omaha, NE  68144 |
| James G. Jandrain<br>3610 Dodge Street, Suite 212<br>Omaha, NE  68131 | Linda Klaasmeyer<br>1302 S. 101st Street, #323<br>Omaha, NE  68124 |

| | |
|---|---|
| George Kramer<br>2727 S. 49th Street<br>Omaha, NE  68106 | David Litzen<br>6632 Maidstone Court<br>Rapid City, SD  57702 |
| Bernie Marquardt<br>4346 S. 90th Street<br>Omaha, NE  68127 | Mark Roxburgh<br>8787 S. 204th Street<br>Gretna, NE  68028 |
| Radio Engineering Industries, Inc.<br>6534 L Street<br>Omaha, NE  68117 | |

      /s/ David J. Skalka
David J. Skalka, #21537

00420050.WPD