IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK 08-83016 |
| | ) | |
| TRI-STATE FINANCIAL, LLC, d/b/a | ) | Chapter 11 |
| NORTH COUNTRY ETHANOL, | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| THOMAS D. STALNAKER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc No. 10-08052 |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGE ALLISON, JR., | ) | |
| FRANK & PHYLLIS CERNIK; | ) | |
| CHARLES CLATTERBUCK; | ) | |
| CHRIS & AMY DANIEL; | ) | |
| DISTEFANO FAMILY LTD. | ) | |
| PARTNERSHIP; | ) | |
| MARK E. EHRHART; | ) | |
| ROBERT G. GRIFFIN; | ) | |
| TED HAZER; | ) | |
| TED HAZER, TRUSTEE OF THE COX | ) | |
| APARTMENTS TRUST; | ) | |
| JOHN HOICH; | ) | |
| DENISE HOICH; | ) | |
| TIMOTHY JACKES; | ) | |
| JAMES G. JANDRAIN; | ) | |
| LINDA L. KLASSMEYER; | ) | |
| GEORGE KRAMER; | ) | |
| DAVID LITZEN; | ) | |
| BERNIE MARQUARDT; | ) | |
| MARK ROXBURGH; | ) | |
| RADIO ENGINEERING INDUSTRIES, | ) | |
| INC.; | ) | |
| JOSEPH VACANTI, TRUSTEE OF THE | ) | |
| JOSEPH & CYNTHIA VACANTI | ) | |
| TRUST; AND | ) | |
| CENTRIS FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | |
|---|---|
| CENTRIS FEDERAL CREDIT UNION, | ) |
| | ) |
| Counterclaim and | ) |
| Cross-Claim Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THOMAS D. STALNAKER, Trustee, | ) |
| | ) |
| Counterclaim Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| GEORGE ALLISON, JR., | ) |
| FRANK & PHYLLIS CERNIK; | ) |
| CHARLES CLATTERBUCK; | ) |
| CHRIS & AMY DANIEL; | ) |
| DISTEFANO FAMILY LTD. | ) |
| PARTNERSHIP; | ) |
| MARK E. EHRHART; | ) |
| ROBERT G. GRIFFIN; | ) |
| TED HAZER; | ) |
| TED HAZER, TRUSTEE OF THE COX | ) |
| APARTMENTS TRUST; | ) |
| JOHN HOICH; | ) |
| DENISE HOICH; | ) |
| TIMOTHY JACKES; | ) |
| JAMES G. JANDRAIN; | ) |
| LINDA L. KLASSMEYER; | ) |
| GEORGE KRAMER; | ) |
| DAVID LITZEN; | ) |
| BERNIE MARQUARDT; | ) |
| MARK ROXBURGH; | ) |
| RADIO ENGINEERING INDUSTRIES, | ) |
| INC.; AND | ) |
| JOSEPH VACANTI, TRUSTEE OF THE | ) |
| JOSEPH & CYNTHIA VACANTI | ) |
| TRUST; AND | ) |
| | ) |
| Cross-Claim Defendants. | ) |
| _____ | ) |

**ANSWER TO ADVESARY COMPLAINT AND ANSWER TO CROSS-CLAIM**

Comes now the Defendant, Radio Engineering Industries, Inc. (hereinafter referred as "Radio Engineering") and for its Answer to the Adversary Complaint ("Complaint") filed by Thomas D. Stalnaker (hereinafter referred as the "Trustee") and the Cross-Claim filed by the Defendant, Centris Federal Credit Union (hereinafter referred as "Centris") states and alleges as follows:

**ANSWER TO THE ADVERSARY COMPLAINT FILED BY THE TRUSTEE**

1. Radio Engineering admits the allegations contained within paragraph 1 of the Trustee's Complaint.

2. Radio Engineering admits the allegations contained within paragraph 2 of the Trustee's Complaint.

3. Radio Engineering is without sufficient information to admit or deny the allegations regarding the alleged co-mingling of funds and therefore denies the same. Radio Engineering admits the remaining allegations contained within paragraph 3 of the Trustee's Complaint.

4. Radio Engineering admits that after the debtor, Tri-State Financial filed this bankruptcy proceeding, the Trustee was appointed. Radio Engineering is without sufficient information to admit or deny the remaining allegations contained in paragraph 4 of the Trustee's Complaint and therefore denies the same, except those allegations which constitute an admission against the Trustee's Interests.

5. Radio Engineering is without sufficient information to admit or deny the allegations contained within paragraph 5 of the Trustee's Complaint and therefore

denies the same, except those allegations which constitute an admission against the Trustee's interests.

6. Radio Engineering is without sufficient information to admit or deny the allegations contained within paragraph 6 of the Trustee's Complaint and therefore denies the same, except those allegations which constitute an admission against the Trustee's interests.

7. Radio Engineering is without sufficient information to admit or deny the allegations contained within paragraph 7 of the Trustee's Complaint and therefore denies the same, except those allegations which constitute an admission against the Trustee's interests.

8. Radio Engineering admits that the Trustee is holding $1,190,000.00 and that there are parties, including Radio Engineering, alleging competing interests in the same. However, Radio Engineering denies the allegations contained in paragraph 8 of the Trustee's Complaint which states that these funds are property of the bankruptcy estate.

9. Radio Engineering admits paragraph 9 of the Trustee's Complaint.

10. For further answer and by way of an affirmative defense, Radio Engineering states that the Trustee has failed to state a cause of action in which relief can be granted.

11. For further answer and by way of an affirmative defense, Radio Engineering states that it owns an interest in the funds currently being held by the Trustee, and that Centris is estopped from asserting its alleged superior interest in the funds being held by the Trustee.

12. For further answer and by way of an affirmative defense, Radio Engineering states that Centris has waived its alleged superior interest in the funds currently being held by the Trustee as a result of its knowledge of an agreement between the debtor, Tri-State Financial and Radio Engineering wherein Tri-State Financial acquired Radio Engineering's position in said entity and wherein Radio Engineering specifically reserved its right to recover its portion of the funds currently being held by the Trustee.

13. For further answer and by way of an affirmative defense, Radio Engineering states that any alleged interest owned by Centris in the funds held by the Trustee, is junior and subordinate to the interest held by Radio Engineering.

WHEREFORE, Radio Engineering having fully answered the Trustee's Complaint prays that the same be dismissed with prejudice; that the Court enter an Order finding that Radio Engineering has a superior right to the proceeds being held by the Trustee; that the Court enter an Order dispersing those proceeds which Radio Engineering is found to be entitled to; and such other and further relief as the Court deems just and proper.

## ANSWER TO CROSS-CLAIM FILED BY CENTRIS

1. In response to paragraph 19 of Centris's Cross-Claim, Radio Engineering states that it is without specific information to admit or deny the allegations contained within paragraphs 1 through 4 of Centris' Answer except those allegations which constitute an admission against Centris' interests.

2.     In further response to paragraph 19 of Centris' Cross-Claim, Radio Engineering denies the allegations contained in paragraph 5 of Centris' Answer, except those allegations which constitute an admission against Centris' interests.

3.     In further response to paragraph 19 of Centris' Cross-Claim, Radio Engineering is without sufficient information to admit or deny the allegations contained within paragraphs 6 through 9 of Centris' Answer, except those allegations which constitute an admission against Centris' interests.

4.     In further response to paragraph 19 of Centris' Cross-Claim, Radio Engineering denies the allegations stated in paragraph 10 of Centris' Answer, except those allegations which constitute an admission against Centris' interests.

5.     In further response to paragraph 19 of Centris' Cross-Claim, Radio Engineering states that it is without sufficient information to admit or deny the allegations contained within paragraphs 11 through 15 and paragraph 17 of Centris' Answer and therefore denies the same, except those allegations which constitute an admission against Centris' interests.

6.     In further response to paragraph 19 of Centris' Cross-Claim, Radio Engineering admits the allegations contained within paragraph 16 of Centris' Answer.

7.     In further response to paragraph 19 of Centris' Cross-Claim, Radio Engineering denies the allegations contained within paragraph 18 of Centris' Answer, except those allegations which constitute an admission against Centris' interests.

8.     Radio Engineering admits the allegations contained within paragraph 20 of Centris' Cross-Claim.

9. Radio Engineering is without sufficient information to admit or deny the allegations contained within paragraph 21 of the Cross-Claim and therefore denies the same, except those allegations which constitute an admission against Centris' interests.

10. Radio Engineering admits the allegations contained within paragraph 22 of the Cross-Claim.

11. Radio Engineering admits that it is a corporation but denies that it is a current member of the Debtor, Tri-State Financial. Radio Engineering is without sufficient information to admit or deny the remaining allegations contained in paragraph 23 of the Cross-Claim and therefore denies the same, except those allegations which would constitute an admission against Centris' interests.

12. Radio Engineering denies each and every allegation contained within paragraph 24 of the Cross-Claim, except those allegations which constitute an admission against Centris' interests.

13. For further answer and by way of an affirmative defense, Radio Engineering states that Centris has failed to state a cause of action in which relief can be granted in its Cross-Claim.

14. For further answer and by way of an affirmative defense, Radio Engineering states that it has an interest in the funds being held by the Trustee.

15. For further answer and by way of an affirmative defense, Radio Engineering states that Centris' alleged security interest in the funds currently being held by the Trustee is junior and inferior of the interest of Radio Engineering in the same.

16. For further answer and by way of an affirmative defense, Radio Engineering states that Centris' alleged security interest in the funds currently being held by the Trustee is/or should be subrogated to the rights of Radio Engineering in the same.

17. For further answer and by way of an affirmative defense, Radio Engineering states that it owns an interest in the funds currently being held by the Trustee, and that Centris is estopped from asserting its alleged superior interest in the funds being held by the Trustee.

18. For further answer and by way of an affirmative defense, Radio Engineering states that Centris has waived its alleged superior interest in the funds currently being held by the Trustee as a result of its knowledge of an agreement between the debtor, Tri-State Financial and Radio Engineering wherein Tri-State Financial redeemed Radio Engineering's equity in said entity and wherein Radio Engineering specifically reserved its right to recover its portion of the funds currently being held by the Trustee.

WHEREFORE, Radio Engineering having fully answered the Centris' Cross–Claim prays that the same be dismissed with prejudice; that the Court enter an Order finding that Radio Engineering has a superior right to the proceeds being held by the Trustee; that the Court enter and Order dispersing those proceeds which Radio Engineering is entitled to and such other and further relief as the Court deems just and proper.

RADIO ENGINEERING INDUSTRIES, INC.,
Secured Creditor


By /s/ Michael J. Whaley
    James P. Waldron, #16073
    Michael J. Whaley, #19390
    GROSS & WELCH, P.C., L.L.O.
    A Professional Corporation
    1500 Omaha Tower
    2120 South 72nd Street
    Omaha, Nebraska 68124
    Telephone:  (402) 392-1500
    Facsimile:   (402) 392-8101
    mwhaley@grosswelch.com
    Attorneys for Defendant.

CERTIFICATE OF SERVICE

     The undersigned hereby certifies that the Notice of Filing Motion for Relief from the Automatic stay was served upon the following individuals listed below by regular United States mail, postage prepaid, or electronically*, on the 20th day of October, 2010.

| | |
|---|---|
| George Allison<br>17040 S. Reflection Circle<br>Omaha, NE  68007 | Frank Cernick<br>P.O. Box 45543<br>Omaha, NE  68145 |
| Phyllis Cernick<br>P.O. Box 45543<br>Omaha, NE  68145 | Larry A. Jobeun, larry@fdjlaw.com<br>Fullenkamp Doyle & Jobeun<br>11440 West Center Road<br>Omaha, NE  68144<br>Attorney for Charles Clatterbuck |
| Chris Daniel<br>8000 Pollock Road<br>Rogers, AR  72756 | Amy Daniel<br>8000 Pollock Road<br>Rogers, AR  72756 |
| Distefano Family LTD Partnership<br>1611 S 80th Street<br>Omaha, NE  68124 | Steven J. Olson, sjolson@bblaw.us<br>Brown & Brown, PC, LLO<br>P.O. Box 40<br>Omaha, NE  68102<br>Attorney for Mark E. Ehrhart |
| Steven J. Olson, sjolson@bblaw.us<br>Brown & Brown, PC, LLO<br>P.O. Box 40<br>Omaha, NE  68102<br>Attorney for Robert G. Griffin | Emmett D. Childers,<br>hillmanforman@hfncm.com<br>Hillman Forman Nelson Childers<br>7171 Mercy Road, Suite 650<br>Omaha, NE  68106<br>Attorney for Ted Hazer |
| Ted Hazer, Trustee of Cox Apartments Trust<br>14210 Hamilton Street<br>Omaha, NE  68154 | John L. Hoich<br>4428 S 180th Street<br>Omaha, NE  68135 |
| Denise Hoich<br>4428 S 180th Street<br>Omaha, NE  68135 | Timothy Jackes<br>2205 S 152nd Street<br>Omaha, NE  68144 |

James G. Jandrain
3610 Dodge Street, Suite 212
Omaha, NE  68131

James B. Cavanagh,
cgrennell@libenlaw.com
Lieben Whitted Houghton Slowiaczek
2027 Dodge Street, Suite 100
Omaha, NE  68102
Attorney for Linda L. Klaasmeyer

George Kramer
2727 S 49th Street
Omaha, NE  68106

David Litzen
6632 Maidstone Court
Rapid City, SD  57702

Bernie Marquardt
4346 S 90th Street
Omaha, NE  68127

Mark James LaPuzza,
mjlbr@pheblaw.com
Pansing Hogan Ernst Bachman
10250 Regency Circle, Suite 300
Omaha, NE  68114
Attorney for Mark Roxburgh

Steven J. Olson, sjolson@bblaw.us
Brown & Brown, PC, LLO
P.O. Box 40
Omaha, NE  68102
Attorney for Joseph Vacanti, Trustee of the Joseph and Cynthia Vacanti Trust

David J. Skalka, dskalka@crockerlaw.com
Crocker Huck Kasher DeWitt
2120 S 72nd Street, Suite 1250
Omaha, NE  68124
Attorney for Centris Federal Credit Union

Charles Clatterbuck
1718 Hillcrest Drive
Bellevue, NE  68005

Mark E. Ehrhart
5312 Cuming Street
Omaha, NE  68132

Robert G. Griffin
10536 Y Street
Omaha, NE  68127

Ted Hazer
14210 Hamilton Street
Omaha, NE  68154

Joseph Vacanti, Trustee of the Joseph and Cynthia Vacanti Trust
7150 N 156th Street
Omaha, NE  68007

Linda L. Klaasmeyer
1302 S 101st Street, #323
Omaha, NE  68124

Mark Roxburgh
8787 S 204th Street
Gretna, NE  68028

John D. Stalnaker, j.stalnaker@sbbpc.com
Stalnaker Becker & Buresh, PC
1111 N 102nd Court, Suite 330
Omaha, NE  68124
Attorney for Thomas D. Stalnaker, Trustee

Robert J. Becker, r.becker@sbbvpc.com
Stalnaker Becker & Buresh, PC
1111 N 102nd Court, Suite 330
Omaha, NE  68124
Attorney for Thomas D. Stalnaker, Trustee

*/s/ Michael J. Whaley*_____
Michael J. Whaley

5655-71#685097