IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK08-83016-TJM |
| ) | A10-8052-TJM |
| TRI-STATE FINANCIAL, LLC, ) | |
| ) | CH. 7 |
| Debtor(s). ) | |
| THOMAS D. STALNAKER, Trustee, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | |
| ) | |
| GEORGE ALLISON, et al., ) | |
| ) | |
| Defendant(s) ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on April 29, 2013, regarding Fil. #315, Application for Compensation and Statement of Fees, filed by Thomas D. Stalnaker, Trustee; Fil. #316, Limited Objection to Professional Fees, filed by American Interstate Bank; Fil. #317, Joinder in Limited Objection to Professional Fees, filed by George Allison, Jr., Frank Cernik, Phyllis Cernik, Chris Daniel, Amy Daniel, Distefano Family LTD, Mark E. Ehrhart, Robert G. Griffin, John L. Hoich, Denise Hoich, Timothy Jackes, James G. Jandrain, George Kramer, Bernie Marquardt, Radio Engineering Industries, Inc., Joseph Vacanti, Trustee of the Joseph and Cynthia Vacanti Trust, Centris Federal Credit Union, and American Interstate Bank; Fil. #318, Joinder in Defendant American Interstate Bankcorporation's Limited Objection to Trustee's Statement of Fees, filed by Radio Engineering Industries, Inc.; and Fil. #319, Joinder with American Interstate Bankcorporation in Objection to Trustee's Claim for Fees, filed by John L. Hoich and Denise Hoich-McGill.

Appearances:

John D. Stalnaker for Thomas D. Stalnaker, Trustee

C. Jan Headley for George Allison, Frank Cernik, Phyllis Cernik, Chris Daniel, Amy Daniel, Distefano Family LTD Partnership, Timothy Jackes, James G. Jandrain, George Kramer, Bernie Marquardt, and George Allison, Jr.

Frederick D. Stehlik for John L. Hoich, Denise Hoich and Joseph Vacanti, Trustee of the Joseph and Cynthia Vacanti Trust

Michael J. Whaley for Radio Engineering Industries, Inc.

Martin P. Pelster for Centris Federal Credit Union

Mark James LaPuzza for American Interstate Bank

The trustee of Tri-State Financial, LLC ("TSF") litigated in the South Dakota bankruptcy case of Tri-State Ethanol L.L.C. ("TSE") to obtain funds for the estate of TSF. A part of that litigation was based on a proof of claim filed in the TSE case by TSF prior to TSF's bankruptcy filing in Nebraska. The trustee in the Nebraska case met with Mr. Jandrain, a representative of TSF, and with counsel for Centris Federal Credit Union which claimed a lien on the funds represented by the proof of claim.

At no time during the South Dakota litigation and negotiations did Mr. Jandrain or any member of TSF suggest to the trustee, his counsel, or counsel for Centris that they, individually, actually owned the claim in the South Dakota bankruptcy case. Instead, they, mainly through Mr. Jandrain, supported the trustee's position that TSF had a right to the funds.

Eventually, the trustee settled with the South Dakota trustee and dismissed other pending litigation in the South Dakota case so that the TSF estate could obtain possession of $1,190,000.00 related to its proof of claim.

After the trustee received the $1,190,000.00, Mr. Jandrain and the other defendants in this adversary proceeding, other than Centris, informed the trustee that the money belonged to them, referred to in Fil. #313 as the Omaha Group.

The trustee filed this adversary proceeding naming the members of the Omaha Group and Centris as defendants. Centris filed a cross-claim asserting that its rights took priority over the Omaha Group and asserting that the trustee should recognize its lien rights to the fund, since it was owed significantly more than the TSF trustee had recovered.

Trial was held and an order was entered at Fil. #313 finding that the money from the South Dakota bankruptcy estate was not the property of the TSF estate, but did represent repayment to the Omaha Group for funds the Omaha Group had provided TSE to keep it operational during its Chapter 11 case. The order additionally provided that the trustee should be compensated for the services provided and expenses incurred in obtaining the funds from the South Dakota bankruptcy estate and for litigating the ownership issue with the Omaha Group.

The trustee has now provided a statement of fees and expenses, including $35,944.45 for the South Dakota litigation and $61,886.90 for the litigation over the ownership of the funds. He has requested that the funds be surcharged for the fees and expenses so that creditors of TSF will receive some distribution.

American National Bank, an assignee of Mr. Jandrain's interest, filed a limited objection which was joined by the other defendants, except Centris.

The objectors agree that the services rendered and fees requested by the trustee are reasonable and that the $35,944.45 charged for litigating to obtain the funds should be a surcharge to the funds. However, they believe fees and expenses charged for litigating with them over ownership of the funds should simply be paid from property of the estate and not from the funds which were found to be theirs and not property of the TSF estate.

The trustee and Centris take the position that they were misled by the Omaha Group when

dealing with the litigation in the South Dakota case. Had they been informed prior to dismissing the South Dakota litigation and settling with the South Dakota trustee that the Omaha Group claimed ownership of the money, and that the TSF estate should not benefit from settlement of the claim in South Dakota, the trustee's litigation position may well have been different, especially since the money was obtained only by settling the litigation.

The trustee's litigation position in this adversary proceeding was reasonable from the commencement until completion. He acted on behalf of creditors of the estate. The books and records of TSF, from its inception until 2005, appeared to show the Omaha Group made equity investments in TSF, not simply money transfers to keep TSE viable. The Omaha Group made no assertion of ownership of the South Dakota claim until after the trustee settled and obtained the funds. The records of TSF and the actions or failure to act by the Omaha Group were the causes of this litigation. The Omaha Group should not now be rewarded for misleading the trustee at the expense of the creditors of the bankruptcy estate. Centris is the largest administrative and unsecured creditor. If the surcharge is denied, it will effectively be left as the entity financing the litigation caused by the Omaha Group. It will be such financing entity because most of the remaining estate funds will be used to pay the trustee's fees and expenses, thereby depleting or eliminating distribution to Centris and the other creditors. The equities in this situation favor the trustee and Centris. The fund may be surcharged both for the South Dakota litigation and for the litigation of the ownership of the fund.

IT IS ORDERED that the trustee's fees and expenses are allowed and the funds received from the South Dakota litigation may be surcharged for all of it.

A separate judgment will be entered.

DATED:     May 21, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *John D. Stalnaker
    C. Jan Headley
    Frederick D. Stehlik
    Michael J. Whaley
    Mark James LaPuzza
    Martin Pelster

Movant (*) is responsible for giving notice to other parties if required by rule or statute.